IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DZHAMSHED ISMAILOV,

      Petitioner,

v.                                                             No. 1:26-cv-01900-DHU-SCY

MELISSA ORTIZ, Acting Warden, Torrance County
Detention Center; MARY DE ANDA-YBARRA, Field
Office Director, ERO El Paso; TODD M. LYONS, Senior
Official Performing Duties of the Director, ICE; and
MARKWAYNE MULLIN, Secretary of the U.S. Department
of Homeland Security,

      Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Dzhamshed Ismailov's Petition for Writ of Habeas Corpus ("Petition"), where he argues that his detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause. Doc. 1 ¶¶ 42-71. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him under appropriate and reasonable conditions of supervision, or, alternatively, ordering Respondents to provide him with a constitutionally adequate custody hearing before a neutral decisionmaker within seven (7) days. *Id.* at 22. Petitioner also requests attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 23.

In *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection on or about December 13, 2021, and

1

was subsequently detained by Immigration and Customs Enforcement ("ICE") on January 15, 2026, in Minneapolis, Minnesota. Doc. 1 ¶¶ 26, 29; Doc. 1-2 at 3. Petitioner is, therefore, subject to § 1226(a) and entitled to a bond hearing. Moreover, Respondents' resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. *See Requejo Roman v. Castro*, 826 F.Supp.3d 1267, 1284 (D.N.M. 2026).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, July 22, 2026, he shall be immediately released.

At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Thursday, July 23, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE